# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| KEVIN SORRELL | * | |
| Petitioner | * | |
| v. | * | Civil Action No. CCB-18-576 |
| TIMOTHY STEWART, | * | |
| Respondent | * | |

***

## MEMORANDUM

This petition for writ of habeas corpus challenges the Federal Bureau of Prisons' ("BOP") determination that petitioner is ineligible for a one-year sentence reduction due to a prior conviction for involuntary manslaughter. (ECF No. 1). In response, respondent filed a motion to dismiss, or in the alternative, for summary judgment. (ECF No. 5). Petitioner opposes the motion. (ECF No. 9).[1] No hearing is necessary for the disposition of the matters pending before the court. *See* Local Rule 105.6 (D. Md. 2016). For the reasons that follow, respondent's motion, construed as a motion to dismiss, shall be granted and the petition shall be dismissed.

### Background

Petitioner Kevin Sorrell is confined to the custody of the BOP in the Federal Correctional Institution in Cumberland, Maryland. He asserts that on January 10, 2017, the "Unit-team" at a BOP facility located in Bennettsville, South Carolina, informed him that his prior felony or misdemeanor adult conviction history included an offense listed in 28 C.F.R. § 550.55(b) that precludes a one-year deduction from his time in custody. (Habeas Pet. at 15, ECF No. 1). Petitioner was advised that if he disagreed with the team's assessment he could file a BP-09 with the Warden explaining why he felt the decision was incorrect. (*Id.*).

---

[1] Petitioner previously filed a motion for extension of time to reply to respondent's motion to dismiss (ECF No. 8). Because Petitioner has now submitted a reply, his motion shall be denied as moot.

Petitioner filed a BP-09 Request for Administrative Remedy with the Warden, explaining that 28 C.F.R. § 550.55(b) defined excludable offenses as "homicide (including) death caused by 'reckless[ness]' but not including deaths cause[d] by negligence of [sic] justified homicide." (*Id.*). He maintained that his involuntary manslaughter conviction involved negligence. (*Id.*). The Warden responded to petitioner's complaint, explaining that the definition of involuntary manslaughter in North Carolina, where petitioner was convicted of the offense, qualifies the conviction as a precluding prior conviction. (*Id.*). The Warden further explained that North Carolina defines involuntary manslaughter "as an unintentional [sic] killing that is proximately caused by either (a) an unlawful act not amounting to a felony and not ordinarily dangerous to human life, or (b) culpable negligence." (*Id.*). The phrase "culpable negligence" according to the Warden's response, is defined by North Carolina law as "such recklessness or carelessness that it proximately results in death." (*Id.*). The Warden went on to explain that the "controlling federal regulation . . . specifically provid[es] for death cause[d] by recklessness," but does not include death caused by negligence. (*Id.*) Petitioner's BP-09 complaint was therefore denied. (*Id.*; *see also id.*, Ex. 2 at 13–14, ECF No. 1-2).

Petitioner appealed the Warden's response to the BOP's Regional Mid-Atlantic office, complaining that he was not satisfied with the decision that he was precluded from early release upon completion of the Residential Drug Abuse Program ("RDAP"). (Habeas Pet. at 15, 17, ECF No. 1). He maintained that his involuntary manslaughter conviction did not have the required level of culpability or state of mind required to exclude him from the program. (*Id.* at 15).

On April 21, 2017, the Regional Director for the Mid-Atlantic Region rejected petitioner's appeal, taking the position that the State of North Carolina defines culpable

2

negligence as recklessness. (*Id.* at 17). In the Regional Director's view, the decision finding the petitioner precluded from receiving an early release benefit was proper. (*Id.*).

On August 10, 2017, petitioner filed an appeal with the Central Office again asserting that involuntary manslaughter involves negligence and is not willful, making it an offense that does not preclude him from the early release program. (*Id.*). Petitioner maintained that the BOP relies on "UCR Federal regulation established by the FBI" and the "UCR defines homicide as willfully (non-negligence) killing of one human being by another." (*Id.*).

On October 16, 2017, the Central Office denied petitioner's appeal, observing that:

> We have reviewed documentation relevant to your appeal and based on the information assessed concur with the manner in which the Warden and Regional Director addressed your issue at the time of your administrative Remedy and subsequent appeal. Our review reveals on January 12, 2017, your case was thoroughly reviewed by the legal staff at the Designation and Sentence Computation Center (DSCC) for early release eligibility pursuant to 18 U.S.C. § 3621(e). At the time of your review, it was determined you were precluded from early release in accordance with Program Statement 5331.02 Early Release Procedures under 18 U.S.C. § 3621(e) which is based on the guidelines set forth in program statement 5162.05, Categorization of offense.

(*Id.*; *see also id.*, Ex 2 at 21, ECF No. 1-2).

By his petition in this court, petitioner seeks a judgment against respondent for erroneously interpreting Program Statement 550.55 and 18 U.S.C. § 3621(e). (Habeas Pet. at 19, ECF No. 1). He further seeks award of a one-year early release upon completion of the RDAP program and an order declaring that involuntary manslaughter is a non-violent offense. (*Id.*).

Respondent avers that the petition should be dismissed under FED. R. CIV. P. 12(b)(1) because 18 U.S.C. § 3625 precludes judicial review, under the Administrative Procedure Act, of the BOP's discretionary and individualized determination of early release eligibility under § 3621(e). (Mem. P. & A. Supp. Resp't's Mot. Dismiss ["Resp't's Mot."] at 2, ECF No. 5-1). In the alternative, respondent asserts that the petition should be dismissed under FED. R. CIV. P.

3

12(b)(6) for failure to state a claim because the BOP did not abuse its discretion in denying petitioner early release in light of his involuntary manslaughter conviction, and further, petitioner does not have a protected liberty interest in early release. (*Id.*).

Respondent further explains that in 2005, petitioner was indicted for first degree murder in North Carolina in connection with the shooting death of an individual. (Resp't Mot. Ex. 2 at 7, ECF No. 5-2). In 2006, in connection with the same case, petitioner pled guilty to involuntary manslaughter. (*Id.* at 8–9).

In November of 2014, the United States District Court for the Eastern District of North Carolina sentenced petitioner to serve 115 months after he was convicted of conspiracy to distribute and possess with intent to distribute 280 grams or more of cocaine base. (Merk Decl. at 3, ECF No. 5-3). This is the term of confinement he is currently serving in the BOP and his projected release date is February 15, 2022. (*Id.*).

On December 9, 2016, the legal staff of BOP's Designation and Sentence Computation Center reviewed petitioner's prior adult felony and misdemeanor convictions occurring within 10 years of his November 5, 2014, sentencing date. (*Id.* at 6, 49–50). The purpose of the review was to determine whether any of his convictions fit the definition of the enumerated offenses in 28 C.F.R. § 550.55(b)(4) and whether any of those convictions constituted "an attempt, conspiracy, or solicitation to commit" an offense listed under that provision pursuant to 28 C.F.R. § 550.55(b)(6). (*Id.* at 5–6). Under § 550.55(b)(4), inmates with a prior felony or misdemeanor conviction for "homicide (including deaths caused by recklessness, but not including deaths caused by negligence or justifiable homicide)" are not eligible for early release under 18 U.S.C. § 3621(e). 28 C.F.R. § 550.55(b)(4)(i). The Legal Department, having noted petitioner's conviction for involuntary manslaughter, also analyzed North Carolina's law

regarding involuntary manslaughter to determine if it fit within the definition of § 550.55(b)(4)(i). (Merk Decl. at 5–6, ECF No. 5-3). The Legal Department used the Federal Bureau of Investigation's Uniform Crime Reporting database definitions. (*Id.* at 5). That research determined that North Carolina state law defines involuntary manslaughter as an "unintentional killing that is proximately caused by either (a) an unlawful act not amounting to a felony and not ordinarily dangerous to human life, or (b) culpable negligence." (*Id.* at 6; *State v. Davis*, 680 S.E.2d 239, 242 (N.C. Ct. App. 2009) (defining culpable negligence as "such recklessness or carelessness, proximately resulting in injury or death, as imports a thoughtless disregard of consequences or a heedless indifference to the safety and right of others.") (quoting *State v. Weston*, 159 S.E.2d 883,886 (N.C. 1968))). Because North Carolina law defines culpable negligence as recklessness, the Legal Department concluded that petitioner's involuntary manslaughter conviction fit the definition of homicide in 28 C.F.R. § 550.55(b)(4)(i), making petitioner ineligible for early release. (Merk Decl. at 6).

## Standard of Review

The Federal Rules of Civil Procedure apply to federal habeas corpus proceedings to the extent they are not inconsistent with any applicable statutory provisions or the rules governing habeas corpus proceedings. RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRIC COURTS, RULE 12.[2] Additionally, if it plainly appears from the petition and any attached exhibits that the Petitioner is not entitled to relief in the district court, the petition must be dismissed. *Id.* at RULE 4.

FED. R. CIV. P. 12(b)(1) governs motions to dismiss for lack of subject matter jurisdiction. *See Khoury v. Meserve*, 268 F. Supp. 2d 600, 606 (D. Md. 2003), *aff'd*, 85 F. App'x

---

[2] The district court may apply any or all of the rules governing § 2254 petitions to any habeas corpus petition that does not concern a challenge to custody pursuant to a state-court judgment. *Id.* at RULE 1.

5

960 (4th Cir. 2004). Under Rule 12(b)(1), the plaintiff bears the burden of proving, by a preponderance of evidence, the existence of subject matter jurisdiction. *See Demetres v. E. W. Const., Inc.*, 776 F.3d 271, 272 (4th Cir. 2015); *see also Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999). A challenge to subject matter jurisdiction under Rule 12(b)(1) may proceed "in one of two ways": either a facial challenge, asserting that the allegations pleaded in the complaint are insufficient to establish subject matter jurisdiction, or a factual challenge, asserting "'that the jurisdictional allegations of the complaint [are] not true.'" *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009) (citing *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)) (alteration in original); *see Buchanan v. Consol. Stores Corp.*, 125 F. Supp. 2d 730, 736 (D. Md. 2001).

In a facial challenge, "the facts alleged in the complaint are taken as true, and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." *Kerns*, 585 F.3d at 192; *accord Clear Channel Outdoor, Inc. v. Mayor & City Council of Baltimore*, 22 F. Supp. 3d 519, 524 (D. Md. 2014). In a factual challenge, on the other hand, "the district court is entitled to decide disputed issues of fact with respect to subject matter jurisdiction." *Kerns*, 585 F.3d at 192. In that circumstance, the court "may regard the pleadings as mere evidence on the issue and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Velasco v. Gov't of Indonesia*, 370 F.3d 392, 398 (4th Cir. 2004) (citing *Adams*, 697 F.2d at 1219 and *Evans*, 166 F.3d at 647).

## Analysis

The Administrative Procedure Act ("APA") precludes judicial review of agency action in cases where "statutes preclude judicial review." 5 U.S.C. § 701(a). Section 3625 precludes judicial review of BOP "dermination[s], decision[s], or order[s]" that arise under 18 U.S.C.

§§ 3621-3625. 18 U.S.C. § 3625 ("The provisions of sections 554 and 555 and 701 and 706 of title 5, United States Code, do not apply to the making of any determination, decision, or order under this subchapter."); *Warman v. Philips*, No. 1:08cv217, 2009 WL 2705833, * at 2 (Aug. 25, 2009) ("pursuant to 18 U.S.C. § 3625, this Court lacks the authority to review such decisions . . . .") *aff'd*, 353 F. App'x 859 (4th Cir.).

Section 3625's preclusion of judicial review is, however, limited to BOP adjudications. *Minotti v.Whitehead*, 584 F. Supp. 2d 750, 761–62 (D. Md. 2008). Section 3625 does not displace judicial review of BOP rulemaking. *Id.* And notwithstanding § 3625's jurisdiction-stripping mandate, the court may still review any cognizable constitutional claim presented. *Warman*, 2009 WL 2705833, at *2 (citing *Webster v. Doe*, 486 U.S. 592 (1988)). Because Sorrell has not raised any constitutional claims, (Habeas Pet. at 11, ECF No. 1), the court may only review the BOP's determination that he is ineligible for early release after completion of the RDAP if it qualifies as rulemaking.

Under the APA, a rule is defined as "the whole or part of an agency statement of general or particular applicability and *future effect* designed to implement, interpret, or prescribe law or policy or describing the organization, procedure, or practice requirements of an agency." 5 U.S.C. § 551(4) (emphasis added). An adjudication is defined as an "agency process for the formulation of an order [that is the] whole or part of a final disposition . . . of an agency in a matter other than rule making." *Id.* § 551(6), (7). And Maryland courts have defined an adjudication as "*retrospective* particularized fact-finding." *Minotti*, 584 F. Supp. 2d at 761(emphasis added); *Mullen v. Stewart*, No. DKC-17-3173, 2018 WL 1326412, at *5 (D. Md. March 15, 2018). The BOP's analysis of petitioner's prior convictions and the meaning of "culpable negligence" under North Carolina law was retrospective, cabined to petitioner's case,

7

and without future effect. In other words, it was an adjudication. The court therefore does not have jurisdiction to review the decision by the BOP determining that petitioner is ineligible for early release, or to grant the relief sought in the petition. *See Mullen*, 2018 WL 1326412, at *5 ("This court has previously held that § 3625 precludes judicial review of any BOP 'adjudication' . . . ." (citing *Minotti*, 584 F. Supp. 2d at 761)); *see also Pullie v. Stansberry*, No. 2:08cv442, 2009 WL 2176120, at *3 (E.D. Va. July 15, 2009) (concluding § 3625 bars judicial review of BOP adjudication but not rulemaking). The petition must be dismissed. A separate order follows.

11/27/18
Date

*CCB*

Catherine C. Blake
United States District Judge